IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JACKSON,

        Plaintiff,                  No. CIV S-02-2734 LKK CMK P

    vs.

S. WORLEY, et al.,

        Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a prisoner proceeding in forma pauperis and without counsel in this civil rights action. The gist of plaintiff's compliant is that defendants violated his civil rights by pursuing him as he attempted to flee custody; plaintiff alleges that he was injured during the escape attempt. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1).

        By order filed October 26, 2005, the court ordered plaintiff to show cause why this action should not be dismissed for lack of prosecution and for failure to comply with rules and court orders.  The court discharged the order to show cause on January 9, 2006, and ordered plaintiff to file a status report within thirty days.  Plaintiff was warned that failure to comply with this order could result in a recommendation that this action be dismissed.  On March 1, 2006, the court ordered plaintiff to show cause, in writing, within twenty days why he had failed to comply

1

with the court's January 9, 2006 order. To date plaintiff has not responded to the March 1, 2006 order to show cause.

On March 1, 2006, the court also issued a scheduling order, which required plaintiff to file and serve his pretrial statement by September 14, 2006. To date, plaintiff has not filed a pretrial statement.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Plaintiff has stymied the expeditious resolution of this litigation. He has repeatedly refused to comply with court deadlines, ignored orders to show cause and has failed to communicate any reason for such actions to the court. In light of the above mentioned factors and in light of plaintiff's failure to respond to the March 1, 2006 order to show cause and failure to file a pretrial statement, the court finds that dismissal is appropriate.

IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten

1  days after being served with these findings and recommendations, plaintiff may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order. See  <u>Martinez v. Ylst</u>,
5  951 F.2d 1153 (9th Cir. 1991).

7  DATED:   September 25, 2006.

   _____
   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE